[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 411.]

HILLYER, APPELLANT, *v*. STATE FARM FIRE & CASUALTY COMPANY, APPELLEE.

LEMM ET AL., APPELLANTS, *v*. THE HARTFORD, APPELLEE.

PANOZZO, APPELLANT, *v*. ALLSTATE INSURANCE COMPANY, APPELLEE.

BURNETT, APPELLANT, *v*. AMEX ASSURANCE COMPANY ET AL., APPELLEES.

[Cite as *Hillyer v. State Farm Fire & Cas. Co*., 2002-Ohio-6662.]

*Insurance—Motor vehicles—Uninsured/underinsured motorist coverage—Limited liability coverage that may arise under the residence-employee exception in a homeowner's insurance policy is insufficient to transform the policy into a motor vehicle policy for purposes of former R.C. 3937.18(A).*

(Nos. 2001-1474 and 2001-1867—Submitted October 15, 2002—Decided December 13, 2002.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, No. 79176.

(No. 2001-1786—Submitted October 15, 2002—Decided December 13, 2002.)

CERTIFIED by the Court of Appeals for Franklin County, No. 01AP-251.

(No. 2001-1955—Submitted October 15, 2002—Decided December 13, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 79083.

(No. 2001-1977—Submitted October 15, 2002—Decided December 13, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 79082.

————————————

LUNDBERG STRATTON, J.

*Hillyer v. State Farm, Nos. 2001-1474 and 2001-1867*

{¶1} On November 6, 1994, Christina Hillyer, daughter of plaintiff/appellant, Martin Hillyer, was a passenger in a vehicle when she was

fatally injured in an accident. Martin Hillyer filed a claim for uninsured ("UIM") coverage under a homeowner's policy issued to him by defendant/appellee, State Farm Fire and Casualty Company. When State Farm denied the claim, Hillyer filed this action for declaratory judgment. Hillyer asserted that the residence-employee exception to the policy exclusions qualified the policy as a motor vehicle liability insurance policy. Therefore, according to Hillyer, State Farm had been obligated under R.C. 3937.18(A) to offer UIM coverage as part of the policy. Because State Farm had not offered the coverage, he asserts, it exists as a matter of law.

{¶2} The trial court awarded summary judgment to State Farm, and the Eighth District Court of Appeals affirmed. The appellate court, relying on *Davidson v. Motorists Mut. Ins. Co*. (2001), 91 Ohio St.3d 262, 744 N.E.2d 713, held that the policy at issue provided only incidental automobile liability coverage, which was not enough to invoke the requirement of R.C. 3937.18(A). The court of appeals subsequently determined that its decision was in conflict with *Wodrich v. Farmers Ins. of Columbus, Inc.* (May 21, 1999), Greene App. No. 98CA103, 1999 WL 317448.

{¶3} This cause is now before this court upon our determination that a conflict exists (case No. 2001-1867), and pursuant to the allowance of a discretionary appeal (case No. 2001-1474).

*Lemm v. The Hartford, No. 2001-1786*

{¶4} On March 21, 1997, plaintiffs/appellants, Ernest and Alice M. Lemm, were injured in an automobile accident. The Lemms settled with the tortfeasor's liability insurance carrier for the policy limits. Thereafter, the Lemms sought UIM coverage through their homeowner's policy issued by The Hartford. When The Hartford denied the claim, the Lemms filed for declaratory relief.

{¶5} The trial court granted summary judgment to the plaintiffs, declaring that UIM coverage existed under the homeowner's policy as a matter of law. The appellate court upheld the summary judgment award, specifically finding that the

homeowner's policy issued by The Hartford was a motor vehicle liability policy subject to the requirements of former R.C. 3937.18. The appellate court, relying on *Selander v. Erie Ins. Group* (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161, concluded that the policy expressly provided liability coverage arising from the use of automobiles subject to motor vehicle registration and used on public highways.

{¶6} The Franklin County Court of Appeals found that its decision was in conflict with *Davis v. Shelby Ins. Co*. (2001), 144 Ohio App.3d 468, 760 N.E.2d 855. Although the Lemms want the judgment upheld, they first filed here the order certifying a conflict. They are therefore "considered the appellant[s]" under S.Ct.Prac.R. IV(1).

{¶7} This cause is now before this court upon our determination that a conflict exists.

*Panozzo v. Allstate Insurance Co., No. 2001-1955*

{¶8} On January 28, 1988, plaintiff/appellant, James Panozzo, was injured when he was struck by a vehicle driven by an uninsured motorist. He sought uninsured motorist ("UM") coverage under his homeowner's policy issued by Allstate. Allstate denied the claim. Panozzo filed this action for declaratory judgment. The trial court held that the policy in question was not a motor vehicle liability policy for purposes of R.C. 3937.18. Therefore, the court held, Allstate had not been required to provide UM coverage, and there was no coverage as a matter of law. The court awarded summary judgment to Allstate. The court of appeals affirmed.

{¶9} This cause is now before this court pursuant to the allowance of a discretionary appeal.

*Burnett v. AMEX Assurance Co., No. 2001-1977*

**{¶10}** On July 27, 1997, plaintiff/appellant, Dorothy D. Burnett, was struck and injured by an automobile. She collected benefits under the tortfeasor's liability policy and also UIM benefits under her own motor vehicle policy.

**{¶11}** Burnett subsequently filed this action for UIM benefits under her tenant's policy issued by defendant/appellee AMEX Assurance Company, claiming that benefits arose as a matter of law. The trial court awarded summary judgment in favor of the defendant. The court of appeals, relying on its decision in *Hillyer v. State Farm Fire & Cas. Co.* (Aug. 2, 2001), Cuyahoga App. No. 79176, 2001 WL 898424, affirmed.

**{¶12}** This cause is now before this court pursuant to the allowance of a discretionary appeal.

Analysis

**{¶13}** In each of these cases, the appellant is seeking UM/UIM coverage under the residence-employee clause of a homeowner's policy. Appellants contend that the homeowner's policies expressly provide automobile liability coverage against liability to residence employees injured in the course of employment, making them motor vehicle policies for purposes of former R.C. 3937.18. Because UM/UIM coverage was not offered, the appellants assert that it must be provided as a matter of law. For the reasons that follow, we hold that a residence-employee clause in an insurance policy that provides coverage incidental to home ownership does not convert the policy into a motor vehicle policy subject to the mandates of former R.C. 3937.18.[1]

**{¶14}** Former R.C. 3937.18 provided that "[n]o automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from

---

1. Our analysis of the issues presented in the discretionary appeals disposes of the two certified questions.

liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state" unless both uninsured and underinsured motorist coverages are provided.[2]

{¶15} Therefore, the issue is whether these insurance policies constitute motor vehicle liability policies for purposes of former R.C. 3937.18. Our analysis begins with the language of the insurance contract. *Davidson v. Motorists Mut. Ins. Co.*, 91 Ohio St.3d at 264, 744 N.E.2d 713.

{¶16} Each of the four policies at issue is labeled a homeowner's policy or an analogous tenant's policy.[3] We will refer to all of them generally as homeowner's policies. This title, however, is not determinative, because it is the type of coverage provided, not the label affixed by the insurer, that determines the type of policy. *Selander v. Erie Ins*., 85 Ohio St.3d at 545, 709 N.E.2d 1161. Therefore, we look at the contents of the policies for the type of coverage they provide.

{¶17} Each policy at issue expressly insures against property damage to personal property owned or used by the insured. This coverage, however, expressly excludes motor vehicles that are licensed for use on public highways.[4] Each policy

---

2. The quoted language of subsection (A) was in effect when all the policies in these cases were issued. 1987 Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1739-1740; 1994 Am.Sub.S.B. No. 20, 145 Ohio Laws, Part I, 210. R.C. 3937.18 has since been amended effective September 3, 1997, to apply only to umbrella policies or policies that serve as proof of financial responsibility. Former R.C. 3937.18(L), Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372, 2377.

3. Dorothy Burnett's policy was a so-called tenant's form of a homeowner's insurance policy and also includes the residence-employee exception that is at issue.

4. Throughout the opinion, we shall refer to the State Farm policy issued to the Hillyers. The language in the policies belonging to the other plaintiffs is substantially similar. Because of the similarity, and for the sake of brevity, we will not repeat the language from each policy.

also insures against personal liability of the insured for accidents or injuries. This coverage, however, expressly excludes liability for bodily injury or property damage arising out of intentional or willful acts, business pursuits, and "damage arising out of the ownership, maintenance, use, loading or unloading of * * * a motor vehicle owned or operated by or rented or loaned to any insured."

{¶18} The policy makes an exception from these exclusions for liability to residence employees. The "residence employee" is defined as "an employee of an insured who performs duties, including household or domestic services, in connection with the maintenance or use of the residence premises. This includes employees who perform similar duties elsewhere for you. This does not include employees while performing duties in connection with the business of an insured." The exception states, "This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured."

{¶19} Appellants contend that, like the policy at issue in *Selander,* the policies at issue here provide express liability coverage against liability to residence employees who are injured by automobiles in the scope and course of their employment. In *Selander*, the general business policy provided liability coverage in limited form for hired, nonowned vehicles. According to the appellants, the residence-employee clauses subject these policies to former R.C. 3937.18 because "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." *Selander v. Erie Ins*., 85 Ohio St.3d at 544, 709 N.E.2d 1161.

{¶20} The defendants, however, contend that *Davidson v. Motorists Mut. Ins. Co*. applies because the motor vehicle liability coverage in these policies, like that in *Davidson*, is remote and incidental. *Davidson* held that the mere fact that a policy affords some incidental liability coverage for certain motor vehicles not subject to registration and not for use on public highways does not convert the

policy into a motor vehicle liability policy for purposes of UM/UIM coverage. 91 Ohio St.3d at 270, 744 N.E.2d 713. Defendants contend that these policies do not generally provide coverage for motor vehicles. The residence-employee exception merely extends liability coverage for accidents involving an employee who is injured in the course of domestic employment. Thus, the coverage arises because of the employee's employment by the insured homeowner, not because a motor vehicle is involved.

{¶21} In *Davidson*, we distinguished *Selander* by focusing on the type of coverage each policy provided. *Selander* involved a business liability policy issued to a partnership. The policy generally excluded coverage for automobiles; however, it provided some automobile liability coverage for claims of vicarious liability arising from the use of unspecified hired or nonowned vehicles used in the course of the business. Because the business policy provided some liability coverage in limited circumstances, we held that UM/UIM coverage must be provided. *Selander*, 85 Ohio St.3d at 544-545, 709 N.E.2d 1161. The policy in *Davidson* was a homeowner's policy that excluded liability coverage resulting from the use of motor vehicles generally, but provided some limited motor vehicle liability coverage for a narrow class of motor vehicles excepted from the policy's general exclusions. Id., 91 Ohio St.3d at 267, 744 N.E.2d 713.

{¶22} The appellants argue that *Davidson* should be distinguished on the basis that it involved recreational motor vehicles not subject to registration and for use off public roads. They contend that because the residence-employee provision covers standard motor vehicles, it should be compared to *Selander*. However, the descriptive factors in *Davidson*—whether the vehicle was subject to registration and designed for use on a public road—did not alone support our opinion in *Davidson* or differentiate it from *Selander*. We looked to the *type* of coverage each policy provided. The appellate court in *Lemm v. The Hartford* (Oct. 4, 2001), Franklin App. No. 01AP-251, 2001 WL 1167585, misinterpreted our use of the word

"incidental" in *Davidson*. The coverage in *Davidson* was not incidental merely because it involved recreational vehicles. Instead, it was incidental primarily because coverage of those vehicles was remote from and insignificant to the type of overall coverage the policy provided. Plaintiffs' narrow perspective misses the point.

{¶23} Like the policy in *Davidson*, the policies at issue expressly exclude liability coverage for injuries arising from the use of motor vehicles. The residence-employee exception allows liability coverage when an employee is injured in any manner while in the course of employment, whether or not a motor vehicle is involved. If coverage arises under this exception, it is because the residence employee was injured, not because a motor vehicle was involved. The use of a motor vehicle is merely incidental to coverage against liability to the residence employee. Therefore, we hold that *Davidson* applies.

{¶24} We agree with the analysis of the Cuyahoga County Court of Appeals in *Panozzo v. Allstate Ins. Co.* (Sept. 13, 2001), Cuyahoga App. No. 79083, 2001 WL 1075772, that "the defining characteristic of coverage is the person injured [the residence employee], not the fact that a motor vehicle was involved." "[T]he fact that an automobile may be involved is incidental to coverage * * *." Id. Therefore, the policies at issue are not subject to the requirement of former R.C. 3937.18(A).

{¶25} This result comports with R.C. 4509.01 et seq., Ohio's motor vehicle financial-responsibility statute. The policies at issue were not intended to satisfy the statutory requirement of financial responsibility against liability arising from the ownership or operation of vehicles used for transportation on the highway. See *Delli Bovi v. Pacific Indemn. Co*. (1999), 85 Ohio St.3d 343, 345, 708 N.E.2d 693. "Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." *Davidson*, 91 Ohio St.3d at 269, 744 N.E.2d 713.

**{¶26}** We find that the limited liability coverage that may arise under the residence-employee exception in a homeowner's insurance policy is insufficient to transform the policy into a motor vehicle policy for purposes of former R.C. 3937.18(A). Consequently, we affirm the judgments of the court of appeals in *Hillyer*, *Panozzo,* and *Burnett v. AMEX Assur. Co.* (Sept. 13, 2001), Cuyahoga No. 79082, 2001 WL 1110335. We reverse the judgment of the court of appeals in *Lemm* and remand for proceedings consistent with this opinion.

Judgments accordingly.

MOYER, C.J., concurs.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur in judgment only.

————————————

Friedman, Domiano & Smith Co., L.P.A., Stephen S. Vanek and Jeffrey H. Friedman, for appellant in case Nos. 2001-1474 and 2001-1867.

Davis & Young, Henry A. Hentemann and J. Michael Creagan, for appellee in case Nos. 2001-1474 and 2001-1867.

Frank E. Todaro, for appellants in case No. 2001-1786.

Jones, Day, Reavis & Pogue and Jeffrey S. Sutton, for appellee in case No. 2001-1786.

Robert W. Kerpsack Co., L.P.A., and Robert W. Kerpsack, urging reversal for amicus curiae Ohio Academy of Trial Lawyers in case No. 2001-1786.

Ulmer & Berne, L.L.P., and Alexander M. Andrews, urging reversal for amicus curiae National Association of Independent Insurers in case No. 2001-1786.

Bricker & Eckler, L.P.A., Kurtis A. Tunnell, Anne Marie Sferra and Robert Katz, urging reversal for amicus curiae American Insurance Association in case No. 2001-1786.

Betty D. Montgomery, Attorney General, and Ann E. Henkener, Assistant Attorney General, urging reversal for amicus curiae Ohio Department of Insurance in case No. 2001-1786.

David L. Jarrett, urging reversal for amicus curiae Western Reserve Group in case No. 2001-1786.

Keener, Doucher, Curley & Patterson, W. Charles Curley and Jenifer J. Murphy, urging reversal for amicus curiae Municipal Mutual Insurance Company in case No. 2001-1786.

Bashein & Bashein Co., L.P.A., and W. Craig Bashein; Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellant in case No. 2001-1955.

Keller & Curtin Co., L.P.A., and Stanley S. Keller; Ross & Hardies and Peter J. Valeta, for appellee in case No. 2001-1955.

Bashein & Bashein Co., L.P.A., and W. Craig Bashein; Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellant in case No. 2001-1977.

Reminger & Reminger Co., L.P.A., Clifford C. Masch and Erin Stottlemyer Gold, for appellee in case No. 2001-1977.

_____