JOURNAL ENTRY AND OPINION
{¶ 1} We stayed the within cause pending determination of the same issue presented here by the Ohio Supreme Court in Hillyer v. State FarmFire Cas. Co., 97 Ohio St.3d ___, 2002-Ohio-6662, and the other cases it decided in that opinion. There, the court stated, "we find that the limited liability coverage that may arise under the residence-employee exception in a homeowner's insurance policy is insufficient to transform the policy into a motor vehicle policy for purposes of former R.C. 3937.18(A)." We now lift that stay.
 {¶ 2} Inasmuch as the issue presented for review here concerns whether residence employee coverage in a homeowner's policy creates UIM coverage by operation of law, in accord with Hillyer, it does not.
 {¶ 3} Accordingly, for the reasons expounded by the Ohio Supreme Court in Hillyer, the assignment of error presented is overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and FRANK D. CELEBREZZE, JR., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).