JOURNAL ENTRY AND OPINION
{¶ 1} The appellants, William and Patricia Krueger, appeal the decision of the Cuyahoga County Common Pleas Court granting summary judgment to the appellee, State Farm Fire Casualty Company, on the basis that the appellants were not entitled to recover uninsured/underinsured motorist benefits under Patricia Krueger's homeowner's insurance policy. For the reasons set forth below, we affirm.
 {¶ 2} On August 2, 1997, the appellant, William Krueger, was riding his motorcycle in Medina County. At some point, a vehicle driven by Jerri Beck turned onto the same roadway that Krueger was on, failed to yield the right-of-way, and drove right into Krueger's path. As a result, Krueger collided with Beck's vehicle and suffered injuries.
 {¶ 3} On the date of the incident, Patricia Krueger was the sole named insured of a homeowner's policy with the appellee, State Farm, under Policy No. 70-B3-3514-1.
 {¶ 4} The appellants present one assignment of error for our consideration:
 {¶ 5} "The trial court erred in granting summary judgment in favor of appellee State Farm Fire Casualty, as appellant is entitled to underinsured motorist coverage in the policy issued to him by appellee State Farm."
 {¶ 6} The appellants contend their homeowner's insurance policy provided automotive liability coverage, even if under limited circumstances; therefore, State Farm was required to offer uninsured/underinsured motorist benefits, pursuant to R.C. 3937.81. The appellants further contend that uninsured/underinsured coverage should be automatically implemented by law.
 {¶ 7} The sole issue in this case is whether coverage provided for residence employees, as an exception to a motor vehicle exclusion, can transform the policy into uninsured/underinsured coverage as a matter of law.
 {¶ 8} Because of the Ohio Supreme Court's holding in Hillyer v.State Farm Fire Cas. Co., 97 Ohio St.3d 411, 2002-OHIO-6662, we find the residence employee coverage does not transform the policy into an uninsured/underinsured coverage and overrule the assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and TERRENCE O'DONNELL, J., concur.