JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Christine T. McMonagle that granted summary judgment to appellee Insurance Co. of Ohio, a/k/a Meridian Insurance Co. ("Meridian"). Appellants Carl and Lisa Wolf claim it was error to find that their homeowner's insurance policy did not contain motor vehicle coverage requiring Meridian to offer uninsured/underinsured motorist ("UIM") coverage pursuant to Ohio law. We affirm.
 {¶ 2} On December 8, 1997, Mr. Wolf was injured in an automobile accident caused by an uninsured or underinsured motorist. On December 13, 2000, the Wolfs filed a complaint alleging that they were entitled to UIM coverage under the homeowner's insurance policy in effect at the time of his injury.[1]
 {¶ 3} The Wolfs alleged that UIM coverage arose as a matter of law because their policy provided coverage for "residence employees" injured while operating motor vehicles in the course of their employment, and that coverage transformed the policy into an "automobile liability or motor vehicle liability policy of insurance" under the former version of R.C. 3937.18.[2] They then claimed that the failure by Meridian to offer UIM coverage as part of the homeowner's policy mandated that it become part of the policy as a matter of law. The judge granted summary judgment to Meridian, finding that the homeowner's policy did not qualify as a motor vehicle liability policy of insurance, and that an offer of UIM coverage was not required.
 {¶ 4} The sole question in this appeal is whether the "residence employee" coverage in the homeowner's policy gives rise to UIM coverage as a matter of law. Because of the the Ohio Supreme Court's opinion inHillyer v. State Farm Fire Cas. Co.,[3] we find that it does not and overrule the assignment of error.
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] Mrs. Wolf's claim was for loss of consortium.
[2] Amendments to R.C. 3937.18 effective September 3, 1997, created a more explicit statutory definition of this term that is not applicable here.
[3] 97 Ohio St.3d ___, 2002-Ohio-6662.