JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Ronald Suster that granted summary judgment to appellees USAA Casualty Co. and USAA General Indemnity Co. (collectively, "USAA"). Appellant Mary Ann Radachy Carlile claims it was error to find that her father's homeowner's insurance policy did not contain motor vehicle liability coverage requiring USAA to provide uninsured/underinsured motorist ("UIM") coverage. We affirm.
 {¶ 2} On August 25, 1986, Carlile was injured in an automobile accident caused by an uninsured or underinsured motorist. On June 27, 2000, Carlile filed a declaratory judgment action against USAA alleging that she, as a resident relative, was entitled to coverage under her father's homeowner's insurance policy in effect at the time of her injury.
 {¶ 3} She alleged that UIM coverage arose as a matter of law because the policy provided coverage for "residence employees" injured while operating motor vehicles in the course of their employment, and that coverage transformed the policy into an "automobile liability or motor vehicle liability policy of insurance" under the former version of R.C. 3937.18.[1] She then claimed that the failure by USAA to offer UIM coverage as part of its homeowner's policy mandated that it become part of the policy as a matter of law. The judge granted summary judgment to USAA, finding that the homeowner's policy did not qualify as a motor vehicle liability policy of insurance, and that an offer of UIM coverage was not required.
 {¶ 4} The sole question in this appeal is whether the "residence employee" coverage in the homeowner's policy gives rise to UIM coverage as a matter of law. Because of the Ohio Supreme Court's opinion inHillyer v. State Farm Fire Cas. Co.,[2] we find that it does not and overrule the assignment of error.
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. AND TERRENCE O'DONNELL, J., CONCUR.
[1] Amendments to R.C. 3937.18 effective September 3, 1997, created a more explicit statutory definition of this term that is not applicable here.
[2] 97 Ohio St.3d ___, 2002-Ohio-6662.