JOURNAL ENTRY and OPINION
{¶ 1} Michael Pfenning appeals from a Cuyahoga County Court of Common Pleas grant of summary judgment in favor of appellee Nationwide Insurance Company (Nationwide). In granting summary judgment, the trial court ruled the estate of Joanne Pfenning, Michael's deceased wife, is not entitled to uninsured/underinsured motorist (UM/UIM) coverage under his Nationwide homeowner's policy. Pfenning assigns the following as errors for our review:
 {¶ 2} "The trial court erred in granting summary judgment in favorof appellee Nationwide by its determination that the Nationwide policy,number 92 34 MP 670080, does not provide uninsured/underinsured motoristcoverage to appellant and the estate of Joanne Pfenning.
 {¶ 3} "The controlling version of R.C. 3937.18 is the pre-S.B. 20version of the statute, as the policy issued to appellant was issued onAugust 4, 1994 and was subject to a two year guarantee period."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 5} On July 31, 1996, Mrs. Pfenning, while a passenger in a car driven by Hoyt Dawson, suffered fatal injuries when the car collided with a tractor-trailer driven by an employee of American Independent Rigging. At the time of the accident, Dawson carried automobile liability insurance through State Farm Insurance Company which paid its $25,000 per person policy limit to Mrs. Pfenning's estate. Similarly, American Independent Rigging's insurance carrier paid $90,000 to Mrs. Pfenning's estate.
 {¶ 6} Michael Pfenning filed this action in the common pleas court seeking UM/UIM coverage from Nationwide based upon residence-employee liability language found in his homeowner's policy. The relevant policy language is as follows:
{¶ 7} "Section II — Liability Coverages
 {¶ 8} "Coverage E — Personal Liability
 {¶ 9} "We will pay damages the insured is legally obligated to pay due to an occurrence.
 {¶ 10} "We will provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to defend a claim or suit ends when the amount we pay for damages equals our limit of liability.
{¶ 11} "Coverage F — Medical Payments to Others
 {¶ 12} "We will pay the necessary medical and funeral expenses incurred within three years after an accident causing bodily injury. This coverage does not apply to you. It does not apply to regular residents of your household. It does apply to residence employees. This coverage applies to others as follows:
 {¶ 13} "a. to a person on the insured location with the consent of an insured.
 {¶ 14} "b. to a person off the insured location, if the bodilyinjury:
 {¶ 15} "(1) arises out of a condition in the insured location.
 {¶ 16} "(2) is caused by the activities of an insured.
 {¶ 17} "(3) is caused by a residence employee of an insured.
 {¶ 18} "(4) is caused by an animal owned by or in the car of aninsured.
 {¶ 19} "Section II — Exclusions
 {¶ 20} "1. Coverage E — Personal Liability, and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
 {¶ 21} "* * *
 {¶ 22} "e. arising out of the ownership, maintenance, or use of:
 {¶ 23} "* * *
 {¶ 24} "(2) a motor vehicle owned or operated by, or rented or loaned to an insured.
 {¶ 25} "* * *
 {¶ 26} "* * *. [Exclusion e(2) does] not apply to bodily injury to any residence employee arising out of and in the course of employment by an insured."[1]
 {¶ 27} The court of common pleas granted summary judgment in favor of Nationwide, determining that the residence employee exception did not create UM/UIM coverage as a matter of law. This appeal followed.
 {¶ 28} On March 11, 2002, we stayed Pfenning's appeal pending the Ohio Supreme Court's ruling in Hillyer v. State Farm Fire CasualtyCo.,[2] an analogous case certified to the supreme court as conflicting with our decision in Davis v. Shelby Insurance Co.[3] On December 13, 2002, the Ohio Supreme Court decided Hillyer, thus resolving this conflict as follows.
 {¶ 29} The supreme court held that "a residence-employee clause in an insurance policy that provides coverage incidental to home ownership does not convert the policy into a motor vehicle policy subject to the mandates of former R.C. 3937.18(A)."[4]
 {¶ 30} We consider an appeal from summary judgment under a de novo standard of review.[5] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[6] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[7]
 {¶ 31} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[8] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[9]
 {¶ 32} In his first assigned error, Pfenning argues the trial court erred by granting summary judgment because a genuine issue of material fact exists as to whether the Nationwide policy necessarily provided UM/UIM coverage. Following Hillyer, we disagree.
 {¶ 33} The Nationwide homeowner's policy contains a residence-employee clause which provides coverage incidental to home ownership. These facts are not in dispute. Accordingly, we rely onHillyer and hold that no genuine issue of material fact exists as to whether Pfenning's insurance policy provided UM/UIM coverage. Accordingly, the trial court correctly granted summary judgment in favor of Nationwide, and Pfenning's first assigned error is without merit.
 {¶ 34} In his second assigned error, Pfenning argues the trial court erred by granting summary judgment because it failed to apply the pre-Senate Bill 20 version of R.C. 3937.18. We disagree.
 {¶ 35} Pfenning's brief to this court fails to demonstrate how the trial court's alleged statutory misapplication caused prejudice. Nonetheless, Pfenning would have us apply UM/UIM coverage by invoking former R.C. 3937.18, which created UM/UIM coverage as a matter of law in all policies insuring against loss "arising out of the ownership, maintenance, or use of a motor vehicle."[10]
 {¶ 36} Hillyer resolved this issue as well. The supreme court wrote, "We agree with the analysis of the Cuyahoga County Court of Appeals in Panozzo that `the defining characteristic of coverage is the person involved [the residence employee], not the fact that a motor vehicle was involved.' `[T]he fact that an automobile may be involved is incidental to coverage * * *.' Therefore, the policies at issue are not subject to the requirement of former R.C. 3937.18(A)."[11]
 {¶ 37} Accordingly former R.C. 3937.18 does not apply here, and Pfenning's second assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] (Emphasis sic.)
[2] 97 Ohio St.3d ___, 2002-Ohio-6662. Our March 11, 2002 journal entry referred to Lemm v. The Hartford (Oct. 4, 2001), Franklin Co. App. No. 01AP-251, which the supreme court consolidated with Hillyer.
[3] (June 14, 2001), Cuyahoga App. No. 78610.
[4] Id. at ___.
[5] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[6] Id., citing Brown v. Scioto Bd. Of Commrs. (1993),87 Ohio App.3d 704.
[7] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[8] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[9] Id. at 293.
[10] R.C. 3937.18(A).
[11] Hillyer at ___, quoting Panozzo v. Allstate Ins. Co. (Sept. 13, 2001), Cuyahoga App. No. 79083.