DECISION
{¶ 1} John P. Lauderdale, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas, wherein the court granted summary judgment to defendant-appellee, Farmers Insurance of Columbus, Inc. ("Farmers").
 {¶ 2} On October 10, 1999, in Atlantic City, New Jersey, appellant was injured in an automobile accident caused by a New Jersey resident. New Jersey is a "no-fault" state in which lawsuits for personal injury are not permitted unless a permanency threshold is met. Eventually, appellant settled his personal injury claims against the tortfeasor for $15,000 out of an available $100,000 liability limit to resolve all claims allowed under New Jersey law. On September 26, 2001, appellant filed a complaint in Franklin County, Ohio, seeking underinsured motorists coverage under his homeowner's insurance policy issued by Farmers on June 24, 1999. Appellant claimed the policy contained a "residence-employee" provision that converted it into a motor vehicle policy, and because the policy did not offer uninsured/underinsured motorist coverage, such coverage was included by operation of law. Both parties moved for summary judgment, and on June 18, 2002, the trial court granted summary judgment to Farmers based upon Kurent v. Farmers Ins. of Columbus, Inc. (1991), 62 Ohio St.3d 242. Appellant appeals the trial court's judgment, asserting the following two assignments of error:
 {¶ 3} "I. The court of common pleas incorrectly held that Kurent precludes plaintiff from pursuing a claim beyond his dental injuries.
 {¶ 4} "II. The court of common pleas incorrectly held that plaintiff was required to exhaust the limits of the tortfeasor's insurance before plaintiff was entitled to a UM/UIM claim because exhaustion of the tortfeasor's limits is no longer a requirement for UIM recovery."
 {¶ 5} We need not address appellant's assignments of error, and affirm the trial court's judgment based upon other grounds. The Ohio Supreme Court recently held in Hillyer v. State Farm Fire Cas. Co. (2002), 97 Ohio St.3d 411, that the limited liability coverage that may arise under the "residence-employee" exception in a homeowner's insurance policy is insufficient to transform the policy into a motor vehicle policy. Therefore, the "residence-employee" coverage in appellant's homeowner's policy does not create underinsured motorists coverage by operation of law. Thus, both of appellant's assignments of error are moot.
 {¶ 6} Accordingly, appellant's two assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT, J., and PETREE, P.J., concur.