OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Florence Kotouch, appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment to Defendant-Appellee, Westfield Companies. The issue before us is whether Kotouch's homeowner's insurance policy was a motor vehicle policy as defined by former R.C. 3937.18 and, therefore, whether Kotouch is entitled to uninsured/underinsured motorists (UM/UIM) coverage under that policy. Because we conclude the Ohio Supreme Court recently ruled on the precise issue before us inHillyer v. State Farm Fire Cas. Co., 97 Ohio St.3d 411,2002-Ohio-6662, 780 N.E.2d 262, we follow its holding and affirm the trial court's decision.
 {¶ 2} Kotouch was in her garage when an uninsured motorist negligently drove a motor vehicle into it. Kotouch was not struck by the automobile, but was injured by debris caused by the crash. Subsequently, she filed a complaint against Westfield seeking UM/UIM coverage by operation of law under her homeowner's policy. Westfield moved for summary judgment, arguing the homeowner's policy was not a motor vehicle policy and, therefore, Kotouch was not entitled to UM/UIM coverage. In response, Kotouch argued the homeowner's policy was also a motor vehicle policy since it did not exclude coverage of bodily injuries arising out of a residential employee's maintenance or use of a motor vehicle in the course of employment. Therefore, she believed she was entitled to UM/UIM coverage under former R.C. 3937.18(A). After reviewing the parties' arguments, the trial court concluded Kotouch was not entitled to UM/UIM coverage under her homeowner's policy.
 {¶ 3} Kotouch's sole assignment of error argues as follows:
 {¶ 4} "The trial court erred, as a matter of law, in granting summary judgment in favor of Appellee Westfield, and finding that underinsured motorists coverage did not arise as a matter of law under former R.C. 3937.18(A) in the homeowner's insurance policy issued by Appellee, which expressly provided motor vehicle liability coverage for residence employees."
 {¶ 5} When reviewing a trial court's granting of summary judgment, an appellate court applies the same standard used by the trial court. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829, 586 N.E.2d 1121. This court's review is, therefore, de novo. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,738 N.E.2d 1243. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Id. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 {¶ 6} Kotouch argues that the failure to exclude bodily injury arising from a residential employee's use of a motor vehicle from coverage entitles her to UM/UIM coverage under former R.C. 3937.18(A). In her brief, she noted a conflict between appellate districts on this issue had been appealed to the Ohio Supreme Court. After the parties fully briefed this case, the Ohio Supreme Court rendered its decision inHillyer and its decision controls the resolution of this case.
 {¶ 7} In Hillyer, the various plaintiffs were injured by uninsured motorists. Their homeowner's policies insured against personal liability for accidents or injuries, but expressly excluded "liability for bodily injury or property damage arising out of intentional or willful acts, business pursuits, and `damage arising out of the ownership, maintenance, use, loading or unloading of * * * a motor vehicle owned or operated by or rented or loaned to any insured.'" Id. at ¶ 17. However, the policy excepted residential employees from this exclusion if the bodily injury arose "out of and in the course of the residence employee's employment by an insured." Id. at ¶ 18. In those policies, a residential employee was defined as "an employee of an insured who performs duties, including household or domestic services, in connection with the maintenance or use of the residence premises. This includes employees who perform similar duties elsewhere for you. This does not include employees while performing duties in connection with the business of an insured." Id. The Ohio Supreme Court found this language was insufficient to transform a homeowner's policy into a motor vehicle policy for the purposes of former R.C. 3937.18(A). Id. at ¶ 26.
 {¶ 8} "[T]he policies at issue expressly exclude liability coverage for injuries arising from the use of motor vehicles. The residence-employee exception allows liability coverage when an employee is injured in any manner while in the course of employment, whether or not a motor vehicle is involved. If coverage arises under this exception, it is because the residence employee was injured, not because a motor vehicle was involved. The use of a motor vehicle is merely incidental to coverage against liability to the residence employee." Id at ¶ 23.
 {¶ 9} In this case, the policy excludes all bodily injury and property damage arising out of "the ownership, maintenance, use, loading or unloading of motor vehicles." However, it provides that this exclusion "do[es] not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured." A residence employee is defined as "an employee of an insured whose duties are related to the maintenance or use of the residence premises, including household or domestic services" and "one who performs similar duties elsewhere not related to the business of an insured."
 {¶ 10} For all practical purposes, the language in this policy is identical to that in the policies discussed in Hillyer. Thus, we must come to the same conclusion as the Ohio Supreme Court in Hillyer. The language in Kotouch's policy which provided limited coverage to residential employees injured in a motor vehicle accident while acting in the scope of their employment does not transform the policy into a motor vehicle policy for the purposes of former R.C. 3937.18(A). Kotouch's sole assignment of error is meritless. The decision of the trial court is affirmed.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.