JOURNAL ENTRY and OPINION.
{¶ 1} This is an appeal from the trial court's granting of summary judgment in favor of Regent Insurance Company regarding William Woodside Jr's claim for uninsured/underinsured (UM/UIM) coverage under his homeowner's insurance policy.
 {¶ 2} Having reviewed the argument of the parties and the pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} On November 1, 1997, Woodside was seriously injured in a motor vehicle accident. Liability was admitted by the driver of the automobile that collided with Woodside. Woodside collected the full policy amount provided by the driver's liability insurance policy. Woodside also sought recovery for underinsured motorist benefits under his homeowner's policy.
 {¶ 4} The homeowner's policy excluded liability coverage for bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured. The policy further stated the above exclusion does not apply to bodily injury arising out of and in the course of "a resident employee's employment by an insured."
 {¶ 5} Woodside asks this court to find as a matter of law a homeowner's policy that includes a resident employee exception is in fact a motor vehicle liability policy which requires uninsured/underinsured motorist coverage.
 {¶ 6} This court held in Pfenning v. Nationwide Ins. Co., Cuyahoga App. No. 80009, 2003-Ohio-397, that pursuant to Hillyer v. State Farm Fire Cas. Co., 97 Ohio St.3d 411 2002-Ohio-6662, 780 N.E.2d 262, a resident employee exception clause in an insurance policy does not convert that policy into a motor vehicle liability insurance policy requiring uninsured/underinsured motorist coverage. Consequently, Woodside's sole assigned error is overruled, and the trial court's granting of appellee's motion for summary judgment is affirmed.
Judgment affirmed.
Michael J. Corrigan, P.J., and Diane Karpinski, J., Concur.