OPINION
{¶ 1} This is an appeal and a cross-appeal from summary judgments the trial court granted to three Defendant insurance companies on Plaintiffs' claims for underinsured motorist ("UIM") coverage.
 {¶ 2} Paula Allgire was seriously injured in an automobile accident on February 10, 1990. She and her husband, Robert, subsequently settled their respective claims against the tortfeasor for her liability policy limits and against the Allgires' own automobile liability insurer for its UIM policy limits.
 {¶ 3} Approximately ten years later, the Allgires commenced this action against three other insurance companies, seeking additional UIM coverage under liability policies those insurers had issued and which were in effect when the accident occurred.
 {¶ 4} One of those companies is Buckeye State Mutual Insurance company ("Buckeye"), which had issued a policy of homeowner's liability insurance to the Allgires. The trial court granted summary judgment for Buckeye, and the Allgires appealed. The Allgires have since dismissed their appeal with respect to their claim against Buckeye on the authority of Hillyer v. State Farm Fire and Casualty Co. (2002), 97 Ohio St.3d 411.
 {¶ 5} The other two insurance companies are Royal Insurance Company ("Royal") and Ace Insurance company ("Ace"). Royal had issued a general commercial liability policy ("GCL") and related umbrella policy as well as an automobile policy to Robert Allgire's corporate employer, Whirlpool Corporation. Ace had issued like policies to Seaway Food Town, Inc., which employed the Allgires' son, Ryan, who lived with them.
 {¶ 6} The Allgires sought a declaration of UIM coverage for their benefit, arguing that the GCL and related umbrella policies Royal and Ace had issued are automobile liability insurance policies for purposes of R.C. 3937.18, per Selander v. Erie Insurance Group (1999),85 Ohio St.3d 541, and that with respect to those policies as well as the automobile policies Royal and Ace had also issued to the corporate employers, the Allgires are "insureds" under the rule of Scott-Ponzer v.Liberty Mutual Fire Insurance Company, 85 Ohio St.3d 660, 1999-Ohio-292, and thus entitled to UIM coverage.
 {¶ 7} Royal and Ace each moved for summary judgment on the Allgires' claims for relief. The trial court granted the motions of both on the authority of our holding in Luckinbill v. Midwestern IndemnityCo. (2001), 143 Ohio App.3d 501. The Allgires appealed. Royal and Ace cross-appealed.
 Allgires' Appeal FIRST ASSIGNMENT OF ERROR
 {¶ 8} "The trial court erred in finding that the policies issued by defendant Royal Insurance Company did not provide underinsured motorist coverage. (Order, September 24, 2002, R.94; Final Judgment Entry, October 23, 2002, R.85."
SECOND ASSIGNMENT OF ERROR
 {¶ 9} "The trial court erred in finding that the policies issued by defendant Ace American Insurance Company did not provide underinsured motorist coverage. (Order, September 24, 2002, R. 84; Final Judgment Entry, October 23, 2002, R. 85)"
 {¶ 10} We held in Luckinbill that a Scott-Ponzer claim must be dismissed when the claimant failed to satisfy the prior notice of settlement and/or approval of settlement conditions for coverage which a corporate liability insurance policy imposes on claimants. Our holding inLuckinbill was subsequently modified by Ferrando v. Auto-Owners Mut.Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, which held those failures create only a presumption of prejudice, and that the claimant is entitled to an evidentiary hearing to rebut the presumption. Therefore, the Allgires assignments of error must be sustained on the authority ofFerrando.
 Royal's Cross-Appeal FIRST ASSIGNMENT OF ERROR
 {¶ 11} "The GCL policy is not an automobile liability policy and, therefore, no UM/UIM coverage offer was required."
SECOND ASSIGNMENT OF ERROR
 {¶ 12} "The trial court erred in determining that Whirlpool Corporation was not self-insured as to its GCL policy since that policy had a $4.5 million self-insured retained limit."
 {¶ 13} These claims do not implicate the automobile policy that Royal issued to Robert Allgire's corporate employer, Whirlpool. They concern only the GCL policy and related umbrella liability policy that Royal issued.
 {¶ 14} The trial court found that the GCL policy is a form of "automobile liability insurance policy" on which UIM coverage is impressed under the rule of Selander, because the GCL policy contains a "parking an auto" exception to a policy provision excluding coverage of automobile-related claims. Th trial court's holding extends coverage under the related umbrella policy, also. Subsequently, we found that form of provision insufficient to trigger the requirements of R.C. 2927.18(A) which, per Selander, operate to impress UM/UIM coverage on a GCL policy by operation of law. See: De Uzhca v. Derham (April 5, 2002), Montgomery App. No. 19106, 2002-Ohio-1814. The very same exception is involved here.
 {¶ 15} Even were we to find that Selander requires the UIM coverage the Allgires seek, we would nevertheless find that coverage is not extended to the Allgires under the rule of Scott-Ponzer. Unlike that case, the "named insured" under Royal's GCL and related umbrella policies is not solely a corporation, but also specific officers and corporate employees. We have held that such designations avoid the ambiguity which extended coverage to corporate employees under Scott-Ponzer. See: Whitev. American Mfg. Mut. Ins. Co. (August 9, 2002), Montgomery App. No. 19206, 2002-Ohio-4125. Further, and unlike Scott-Ponzer, the Royal GCL policy expressly covers employees, the status on which the Allgires rely, but employee coverage is expressly limited to injuries and losses that the employee suffers in the scope of employment. Paula Allgire's injuries were not suffered in the course of her employment or her husband Robert's employment by the corporate insured, Whirlpool.
 {¶ 16} Royal's first assignment of error is sustained. That holding renders Royal's second assignment of error moot. Exercising the discretion conferred on us by App.R. 12(A)(1)(c), we decline to consider it.
 Ace's Cross-Appeal ASSIGNMENT OF ERROR
 {¶ 17} "The trial court erred in finding that the GCL and umbrella policy issued by Ace American Insurance Company are motor vehicle liability insurance policies. (R.83 AT 5-6)
 {¶ 18} As it did with respect to Royal's GCL policy, the trial court found UIM coverage was created for the Allgires' benefit by a "parking an automobile" exception to the automobile-related claims exclusion in Ace's GCL policy, which likewise applies to the related umbrella coverage. Here, as we did with respect to Royal's GCL policy, we find that our holding in De Uzhca requires us to reverse the trial court. Further, as in the case of Royal's policy, the Ace GCL policy is relieved of any Scott-Ponzer ambiguity, per White, because corporate coverage is expressly provided for officers, and directors, and for stockholders and employees, on a restricted basis. Reversal is also supported by a similar "scope of employment" condition to the coverage the GCL policy provides for corporate employees, which, as in the case of the Royal GCL policy, operates to bar the coverage for the Allgires under application of the rule of Scott-Ponzer. That assumes the Allgires could be eligible for coverage by reason of their son's employment by Ace's corporate insured, an assumption we do not make.
 {¶ 19} Ace's assignment of error is sustained.
 Conclusion {¶ 20} The trial court's summary judgments in favor of Royal and Ace will be reversed, in part, and the case remanded for the hearings which Ferrando requires with respect to the Allgires' claims for UIM coverage under the automobile policies issued by Royal and Ace. The summary judgments with respect to the GCL policies and related umbrella liability policies issued by Royal and Ace will be sustained.
BROGAN, J. and YOUNG, J., concur.