_¶ 1_ I fully concur in the majority's analysis and disposition of RFI's fourth and fifth assignments of error. However, I respectfully dissent from the majority's analysis and disposition of RFI's second and third assignments of error and part of its disposition of what the majority labels RFI's sixth assignment of error. My reasons follow.
 {¶ 2} I respectfully dissent from the majority's analysis and disposition of appellants' second assignment of error for the reasons set forth in my dissent in Szekeres v. State Farm Cas. Co., Licking App. No. 2002CA00004, 2002-Ohio-5989. To that extent, I disagree with this Court's decision in Heidt v. Federal Ins. Co., Stark App. No. 2002CA00314, 2003-Ohio-1785.
 {¶ 3} Unlike the Heidt court, when deciding Szekeres, this Court did not have the advantage of the Ohio Supreme Court's guidance provided by Hillyer v. State Farm Fire Cas. Co., 97 Ohio St.3d 411,2002-Ohio-6662. In Heidt, this Court specifically cited Hillyer in support of its decision.
 {¶ 4} The case sub judice presents my first opportunity to revisit the "valet parking" issue subsequent to Hillyer. In so doing, the first question that arises is what precedental value must this Court afford to the Hillyer opinion?
 {¶ 5} The Hillyer opinion was authored by Justice Lundberg-Stratton. Chief Justice Moyer concurred in the opinion. The remaining five Justices, Douglas, Resnick, Sweeney, Sr., Pfeifer and Cook, concurred in judgment only. Rep. R1(B)(1) of the Supreme Court Rules for the Reporting of Opinions provides: "The law stated in a Supreme Court opinion is contained within its syllabus (if one is provided), and its text, including footnotes." As such, I conclude Justice Lundberg-Stratton's opinion states the law of Ohio despite the fact only one of the other six Supreme Court Justices agreed with it.
 {¶ 6} Although the Hillyer case dealt with a homeowner's insurance policy, its analysis is of value in the case sub judice. I note Hillyer
did not overrule Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541,1999-Ohio-287, but rather distinguished it in a manner similar to the distinction the Supreme Court made in Davidson v. Motorist Mut. Ins. Co.
(2001), 91 Ohio St.3d 262, 2001-Ohio-36. When distinguishing Selander
from Davidson, the Hillyer Court stated it looked further than merely the type of vehicle covered, looking also to the type of coverage provided.Hillyer, supra, at para. 22. The Hillyer Court reasoned the residence-employee exception in a homeowner's policy allows liability coverage for an employee, whether or not a motor vehicle is involved. Id. at para. 23. Therefore, the Hillyer Court concluded the use of a motor vehicle was merely incidental to coverage against liability to the resident employee. Id. The Hillyer Court agreed with the court of appeals in its analysis "the defining characteristic of coverage is the person injured [the resident employee], not the fact that a motor vehicle was involved." Id. "[T]he fact an automobile may be involved is incidental to coverage." Id.
 {¶ 7} Applying the rationale adopted by the Hillyer Court to the "valet parking" provision of Western American's CGL policy, I conclude it is a motor vehicle liability policy subject to the mandatory offering of UM/UIM coverage required by R.C. 3937.18. In contrast to Hillyer, who or what is insured is incidental to the instrumentality involved in how the injury occurs. Coverage arises not because of who was injured, but rather because a motor vehicle was involved. The motor vehicle is not "incidental" to the coverage, the use of the vehicle is the primary reason for extending coverage. Because the motor vehicles covered by the "valet parking" provision include motor vehicles subject to registration and intended for use on public roads, Western American's CGL policy does provide motor vehicle liability, albeit in a limited form; therefore, it is subject to the mandatory UM/UIM offering requirement found in R.C.3937.18 pursuant to Selander.
 {¶ 8} Based upon my disagreement with the majority's disposition of RFI's second assignment of error, I likewise dissent from its decision RFI's third assignment of error is moot.
 {¶ 9} Likewise, based upon my disagreement with the majority's disposition of RFI's second assignment of error, I disagree with the majority's conclusion in RFI's sixth assignment of error, James Fish and Lori Michalec are not entitled to receive UIM benefits from RFI's umbrella policy, upon exhaustion of all underlying limits. I do, however, concur with the majority's conclusion appellees are entitled to receive UIM benefits from RFI's umbrella policy if they exhaust the limits of RFI's business auto policy and, per my dissent, RFI's CGL policy.
 {¶ 10} Finally, I concur with the majority's analysis and disposition of RFI's first assignment of error with respect to RFI's business auto and umbrella policies. However, a remand for a Ferrando
analysis would be unnecessary as to Utica's CGL policy because UIM coverage thereunder arises by operation of law. Green v. Westfield Ins.Co. Stark App. No. 2002CA00114, 2002-Ohio-6179.