¶ 1 I concur in the majority's analysis and disposition of appellants' first assignment of error. However, I choose to take this opportunity to clarify my position as to who is an insured when UM/UIM coverages arises by operation of law pursuant to R.C. 3937.18.
 {¶ 2} In Moore v. Kemper Ins. Co., Delaware App. No. 02CAE04018,2002-Ohio-5930, I authored the majority opinion for this Court.[2],[3]
Therein, we held, "Because UIM coverage is created by operation of law, the definitions of an insured contained within the business auto liability policy become the applicable definitions for an insured under the UIM coverage created by operation of law." Id. at 7, para. 26.
 {¶ 3} Upon reconsideration of this portion of our holding in Moore, I would modify it. While we must look to the definition of who is an insured contained within the liability policy to determine who is an insured when UM/UIM coverage is created by operation of law, the definition of who is an insured in the liability policy does not become the definition of who is an insured for purposes of UM/UIM coverage. The definition in the liability section determines who is an insured for UM/UIM purposes, but restrictions contained within the liability definitions do not apply to restrict or limit UM/UIM coverage when it arises by operation of law. Scott-Pontzer v. Liberty Mut. Ins. Co.
(1999), 85 Ohio St.3d 660, 666, 1999-Ohio-292.
 {¶ 4} I respectfully dissent from the majority's analysis and dispostion of appellants' second assignment of error for the reasons set forth in my dissent in Szekeres v. State Farm Cas. Co., Licking App. No. 2002CA00004, 2002-Ohio-5989. To that extent, I disagree with this Court's decision in Heidt v. Federal Ins. Co., Stark App. No. 2002CA00314, 2003-Ohio-1785.
 {¶ 5} Unlike the Heidt court, when deciding Szekeres, this Court did not have the advantage of the Ohio Supreme Court's guidance provided by Hillyer v. State Farm Fire Cas. Co., 97 Ohio St.3d 411,2002-Ohio-6662. In Heidt, this Court specifically cited Hillyer in support of its decision.
 {¶ 6} The case sub judice presents my first opportunity to revisit the "valet parking" issue subsequent to Hillyer. In so doing, the first question that arises is what precedental value must this Court afford to the Hillyer opinion?
 {¶ 7} The Hillyer opinion was authored by Justice Lundberg-Stratton. Chief Justice Moyer concurred in the opinion. The remaining five Justices, Douglas, Resnick, Sweeney, Sr., Pfeifer and Cook, concurred in judgment only. Rep. R1(B)(1) of the Supreme Court Rules for the Reporting of Opinions provides: "The law stated in a Supreme Court opinion is contained within its syllabus (if one is provided), and its text, including footnotes." As such, I conclude Justice Lundberg-Stratton's opinion states the law of Ohio despite the fact only one of the other six Supreme Court Justices agreed with it.
 {¶ 8} Although the Hillyer case dealt with a homeowner's insurance policy, its analysis is of value in the case sub judice. I note Hillyer did not overrule Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541,1999-Ohio-287, but rather distinguished it in a manner similar to the distinction the Supreme Court made in Davidson v. Motorist Mut. Ins. Co.
(2001), 91 Ohio St.3d 262, 2001-Ohio-36. When distinguishing Selander from Davidson, the Hillyer Court stated it looked further than merely the type of vehicle covered, looking also to the type of coverage provided.Hillyer, supra, at para. 22. The Hillyer Court reasoned the residence-employee exception in a homeowner's policy allows liability coverage for an employee, whether or not a motor vehicle is involved. Id. at para. 23. Therefore, the Hillyer Court concluded the use of a motor vehicle was merely incidental to coverage against liability to the resident employee. Id. The Hillyer Court agreed with the court of appeals in its analysis "the defining characteristic of coverage is the person injured [the resident employee], not the fact that a motor vehicle was involved." Id. "[T]he fact an automobile may be involved is incidental to coverage." Id.
 {¶ 9} Applying the rationale adopted by the Hillyer Court to the "valet parking" provision of Western American's CGL policy, I conclude it is a motor vehicle liability policy subject to the mandatory offering of UM/UIM coverage required by R.C. 3937.18. In contrast to Hillyer, who or what is insured is incidental to the instrumentality involved in how the injury occurs. Coverage arises not because of who was injured, but rather because a motor vehicle was involved. The motor vehicle is not "incidental" to the coverage, the vehicle's use is the primary reason for extending coverage. Because the motor vehicles covered by the "valet parking" provision include motor vehicles subject to registration and intended for use on public roads, Western American's CGL policy does provide motor vehicle liability, albeit in a limited form; therefore, it is subject to the mandatory UM/UIM offering requirement found in R.C.3937.18 pursuant to Selander.
[2] The majority opinion in the case sub judice does not cite to the Moore case in its analysis, but appellee Ohio Casualty references it in its reply brief.
[3] The other panel members were Judge Sheila G. Farmer and Judge John W. Wise.