JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Marco Ribeiro ("Ribeiro"), appeals from the trial court's summary judgment determinations in this case wherein he seeks to recover underinsured motorists coverage pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. The trial court granted the insurer's[1] motions for summary judgment and denied plaintiff's corresponding motions. For the reasons that follow, we affirm.
 {¶ 2} Plaintiff assigns this error for our review:
 {¶ 3} "I. The trial court erred in granting defendant-appellees' motions for summary judgment and in denying plaintiff-appellant's cross motion for summary judgment."
 {¶ 4} We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585.
 {¶ 5} Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70,1998-Ohio-389.
 {¶ 6} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996
 {¶ 7} We have construed the material facts in accordance with the requisite standard. On December 19, 2000, plaintiff sustained injuries while a passenger in a motor vehicle that struck a pole when the driver fell asleep at the wheel. The tortfeasor driver was operating his own vehicle off-duty on non-business related purposes at the time of the accident. After giving notice to the insurers, plaintiff settled his claims against the driver by recovering $12,500, the full amount of insurance available under the driver's policy.
 {¶ 8} On the date of the accident, plaintiff's employment involved performing janitorial services in Cleveland area movie theaters. It is not disputed that both Cesar's and Syncom either contracted or subcontracted to perform such services in these Ohio cinemas. The parties do, however, disagree as to whether Cesar's Cleaning Service ("Cesar's") or Syncom, Inc. ("Syncom") or both employed plaintiff.
 {¶ 9} Each of the named employers maintained insurance coverage for the operation of their respective businesses. Indian Harbor provided insurance coverage to Salvio Cesar, d.b.a. Cesar's Cleaning Service, through a Commercial General Liability Policy with effective dates of June 23, 2000 through June 23, 2001. Hartford insured Syncom through a Business Insurance Policy with effective dates of December 9, 2000 through December 9, 2001.
 {¶ 10} In this action, plaintiff seeks to recover UIM insurance under the Indian Harbor and Hartford policies under the precedent ofScott-Pontzer. In the court below and on appeal, the insurers advance the following common positions: (1) that out-of-state law controls the construction of the policies; (2) that the policies do not qualify as automobile liability policies under the applicable statutory framework; (3) that the plaintiff is not an insured under the policies; and (4) that plaintiff was not an employee of the insureds. Indian Harbor further maintains that the holding of Scott Pontzer does not apply to it as a sole proprietorship.
 {¶ 11} In response, plaintiff asserts that ambiguous terminology concerning what state law applies compels the application of Ohio law; that the policies qualify as automobile policies such that UIM coverage arises by operation of law; and that Scott Pontzer applies to include plaintiff as an insured under each policy.
 {¶ 12} The trial court resolved the matter by determining that neither policy qualified as an automobile liability policy and therefore did not require or provide UIM coverage. Thus, the trial court granted the insurers' motions for summary judgment and denied plaintiff's cross-motions on that basis. On appeal, plaintiff contends that both of the policies qualify as motor vehicle policies under Ohio law.
 {¶ 13} The law in effect at the time of entering the contract controls the rights and duties of the parties relative to an uninsured motorist claim. Ross v. Farmer's Ins. Group of Companies (1998),82 Ohio St.3d 281, at syllabus. Because the accident occurred in December 2000, the post H.B. 261 and 267 version[2] of R.C. 3937.18 applies in this case. That version of the law required a mandatory offering of UIM with all automobile liability or motor vehicle liability policies of insurance delivered or issued for delivery in this state. R.C. 3937.18(A). Failure to comply with this statutory directive results in the imposition of UIM by operation of law. Davidson v. Motorists Mutual Ins. Co.
(2001), 91 Ohio St.3d 262, 264, citing Abate v. Pioneer Mut. Cas. Co.
(1970), 22 Ohio St.2d 161, paragraphs one and two of the syllabus.
 {¶ 14} The version of R.C. 3937.18(L) applicable herein provides in pertinent part:
 {¶ 15} "(L) As used in this section, `automobile liability or motor vehicle liability policy of insurance' means either of the following: "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance; "(2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section."
 {¶ 16} In turn, R.C. 4509.01(K) provides that:
 {¶ 17} "(K) `Proof of financial responsibility' means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident."
 {¶ 18} Until recently, two Ohio Supreme Court cases have predominated in providing our state courts with guidance in the resolving of the matter of whether a given policy qualifies as a motor vehicle policy subject to a mandatory offering of UIM coverage: Selander v. ErieInsurance Group (1999), 85 Ohio St.3d 541 and Davidson v. Motorist MutualIns. Co. (2001), 91 Ohio St.3d 262. During the pendency of this appeal, the Ohio Supreme Court has set forth further guidance towards resolving this issue in Hillyer v. State Farm Fire Cas. Co.,
97 Ohio St.3d ___, 2002-Ohio-6662.
 {¶ 19} In Selander, the court addressed the specific issue of whether "the provisions of R.C. 3937.18 apply to a policy of primary insurance which provides coverage for claims of liability arising out of the use of hired or non-owned automobiles, but is not issued for delivery with respect to some particular motor vehicle?" Although the court answered that question in the affirmative, an earlier version of R.C.3937.18 applied to the resolution of that issue. In reaching its conclusion, the court specifically noted that the provisions of R.C.3937.18(L) that apply in this case did not apply in Selander. Id. at fn. 1. Nonetheless, plaintiff relies upon the following language fromSelander wherein the court found that "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided. [citations omitted]." Id at 544. Since the release of Selander, the Ohio Supreme Court has refined the apparent scope of the foregoing language.
 {¶ 20} First, in Davidson, the Ohio Supreme Court found that a homeowner's policy was not a motor vehicle policy of insurance because it did "not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to motor vehicle registration and are designed for off-road use or are used around the insured's property." Davidson, 91 Ohio St.2d at 267.[3] The court continued to reason that "[t]hese distinctions are significant [from Selander]." Id. In particular, the court noted that "automobiles, unlike the vehicles listed in the homeowner's policy * * * are subject to motor vehicle registration and are designed for and are used for transporting people on a public highway."[4] Id. The court succinctly stated, "Selander stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly provides coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration." Id.
 {¶ 21} In its most recent pronouncement in Hillyer, the Ohio Supreme Court addressed the scope and application of its prior holdings in Selander and Davidson. The court explained that the type of coverage provided determines whether a policy is a motor vehicle policy rather than the type of vehicles the policy purports to cover. In more specific terms, the court advised that "[t]he coverage in Davidson was not incidental merely because it involved recreational vehicles. Instead, it was incidental primarily because coverage of those vehicles was remote from and insignificant to the type of overall coverage the policy provided." Hillyer, 2002-Ohio-6662, at ¶ 22. As a result, the court found that even though a homeowner's policy provided incidental coverage for automobiles intended for use on public highways and subject to registration, such was insufficient to transform a homeowner's policy into a motor vehicle policy for purposes of former R.C. 3937.18(A). Id at ¶ 26. We now examine the terms of the policies at issue in this case within the context of the above referenced precedent and statutory framework.
 The Indian Harbor policy {¶ 22} Among other exclusions, the policy provides that insurance does not apply to the following:
 {¶ 23} "g. Aircraft, Auto or Watercraft
 {¶ 24} "`Bodily injury' or `property damage' arising out of the ownership, maintenance, use or treatment to others of any * * * `auto' * * * owned or operated by or rented or loaned to any insured * * *." (R. 33, Exhibit E, page 3 of 13).
 {¶ 25} An exception to the above exclusion, provides that "[t]his exclusion does not apply to:
 {¶ 26} "* * *
 {¶ 27} "(3) Parking an `auto' on, or on the ways next to, premises you own or rent, provided the `auto' is not owned by or rented or loaned to you or the insured;
 {¶ 28} "* * *
 {¶ 29} "(5) `Bodily injury' * * * arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of `mobile equipment.'" Id.
 {¶ 30} Another relevant exclusion provides that the insurance does not apply to the following:
 {¶ 31} "h. Mobile Equipment
 {¶ 32} "`Bodily injury' or `property damage' arising out of:
 {¶ 33} "(1) The transportation of `mobile equipment' by an `auto' owned or operated by or rented or loaned to any insured, or
 {¶ 34} "(2) The use of `mobile equipment' in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity." Id.
 {¶ 35} Cognizant of the statutory definition of an automobile policy of insurance and the reasoning employed in both Davidson andHillyer, we conclude that this policy does not qualify as an automobile policy of insurance under the applicable version of R.C. 3937.18. Unlike the situation in Selander where "there was express liability coverage arising from the use of automobiles" through hired and non-owned vehicles provisions, this policy takes pains to exclude coverage for the use of "autos" as that term is defined in the policy. Davidson,91 Ohio St.3d at 268. Instead, this policy is more akin to that examined in Davidson andHillyer which provided only "incidental coverage" for automobiles.[5]
Ibid.
 {¶ 36} While plaintiff urges us to find coverage because the policy affords coverage for injuries sustained in parking an auto on the ways next to a premise owned by the insured and in using certain "mobile equipment," we remain unpersuaded. Such provisions provide only remote and incidental coverage insufficient to transform the policy into a motor vehicle policy.
 {¶ 37} In addition, the effective version of R.C. 3937.18(L), defines a motor vehicle policy as: "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance." This policy is not a motor vehicle policy as that term is defined by R.C. 3937.18(L). Accord,Ponozzo v. Allstate Ins. Co. (Sept. 13, 2001), Cuyahoga App. No. 79083 (applying post-H.B. 261 version of R.C. 3937.18(L)).
 {¶ 38} Accordingly, the trial court did not err in awarding summary judgment to Indian Harbor on this basis.
 The Hartford policy {¶ 39} The parties do not dispute that the Hartford policy contains language similar to the Indian Harbor policy in terms of excluding coverage for autos and mobile equipment subject to the above-detailed and limited exceptions. However, the Hartford policy provides additional language which plaintiff argues transforms the policy to a motor vehicle policy under Ohio law. In particular, in the "Liability and Medical Expenses General Conditions" the policy provides, in part, as follows:
 {¶ 40} "3. Financial Responsibility Laws:
 {¶ 41} "a. When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, the insurance provided by the policy for `bodily injury' liability and `property damage' liability will comply with the provisions of the law to the extent of the coverage and limits of insurance required by that law.
 {¶ 42} "b. With respect to `mobile equipment' to which this insurance applies, we will provide any liability, uninsured motorists, underinsured motorists, no-fault or other coverage required by any motor vehicle law. We will provide the required limits for those coverages."
 {¶ 43} Hartford responds that because the policy fails to specifically identify any motor vehicles, it does not fit the statutory definition. After carefully reviewing the policy, we agree. In order to qualify as a motor vehicle policy, the policy must "specifically identify" the motor vehicles subject to coverage. R.C. 3937.18(L)(1).
 {¶ 44} Plaintiff urges us to find ambiguity in the phrase "specifically identified." In support thereof, plaintiff relies on the reasoning employed by the Lake County Court of Common Pleas in Smith v.The Cincinnati Ins. Co. (May 24, 2001), Lake App. No. 00CV00916. InSmith, the trial court found it reasonable to construe "specifically identified" to mean a class of vehicles rather than any specific automobiles. We do not agree. Primarily, we believe that this construction would run afoul of the recent holding in Hillyer providing that incidental coverage for automobiles does not convert a policy into an automobile policy. Furthermore, it is superfluous to add the term "specifically" if reference to any class or type of vehicle, no matter how remote, suffices to qualify a policy as a motor vehicle policy. It is also worth noting that the court in Selander explicitly remarked that it was applying the pre-H.B. 261 version of R.C. 3937.18 when it found that hired and non-owned auto provisions rendered the policy a motor vehicle policy. From that, we may reasonably conclude that had the version of R.C. 3937.18(L) at issue here (requiring the specific vehicle identification to qualify as a motor vehicle policy) applied inSelander, it would have affected the outcome in that case.
 {¶ 45} We do find that the terms of the Hartford policy could, as the policy language provides, "for the future" serve as proof of financial responsibility and qualify as a motor vehicle policy under Ohio law, if, in fact, the policy ever extended coverage to specifically identified automobiles. As it stands, the current terms of the policy exclude coverage for motor vehicles in general and only provide incidental coverage for parking autos and the use of certain "mobile equipment." Unlike standard automobile policies, this policy has no listing of specifically identified automobiles. For these reasons, we find that general categories of vehicles providing coverage in exceptions to exclusions do not qualify as "specifically identified" vehicles under the plain and ordinary meaning of those terms.
 {¶ 46} The trial court did not err in granting Hartford's motion for summary judgment and denying plaintiff's cross-motion.
 {¶ 47} The sole assignment of error is overruled. We decline to address the remaining issues raised by the parties since the disposition of the foregoing issue renders them moot.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and DIANE KARPINSKI, J., CONCUR.
[1] Indian Harbor Insurance Company ("Indian Harbor") and the Hartford Casualty Insurance Company ("Hartford").
[2] As effective September 21, 2000.
[3] Just as in Selander, Davidson involved the pre-H.B. 261 version of R.C. 3937.18 that did not include the language of subsection (L) defining "automobile liability or motor vehicle liability insurance."
[4] The vehicles listed in the homeowner's policy included trailers, motorized conveyences designed for recreational use off public roads, and motorized golf carts used on golf courses.
[5] Given the recent pronouncement in Hillyer, we decline to follow persuasive authority cited by plaintiff that resolved this issue with reference to the type of vehicle rather than the type of coverage provided by a given policy. See Phillips v. Acceptance Indemnity Ins. Co.
(N.D.Ohio. 2001), Case No. 5:01CV0496 (finding that "[b]ecause the policy explicitly insures persons driving registered motor vehicles against the risk of highway accidents, the policy is a `motor vehicle liability policy.'") and Burkhart v. CNA Insurance Co. (2002), Stark App. No. 00265 (finding that by providing coverage for a "limited form of motor vehicles" transformed a commercial general liability policy into a motor vehicle policy under Ohio law.)