JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Leonteen Blackwell ("Blackwell"), Lydell Davis and Keana Davis, appeal from the decision of the Cuyahoga County Court of Common Pleas that granted a motion for summary judgment in favor of appellee, Allstate Insurance Company ("Allstate"). The trial court found that Allstate was not required to provide uninsured/underinsured motorist coverage ("UM coverage") under a homeowner's policy issued to Blackwell. We affirm the trial court's decision in part and dismiss in part.
 {¶ 2} The following facts give rise to this appeal. Blackwell was injured in an automobile accident on February 2, 1999. The other vehicle in the accident fled the scene and has not been located. Lydell Davis and Keana Davis are Blackwell's children.
 {¶ 3} At the time of the accident, Blackwell held a homeowner's policy with Allstate. The homeowner's policy specifically excluded coverage for bodily injury or property damage arising out of the use of any motor vehicle, with limited exceptions. The policy provided in relevant part:
 {¶ 4} "We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However, this exclusion does not apply to: * * * h) bodily injury to a residence employee." Allstate Policy Section II, 5.
 {¶ 5} Appellants asserted a claim for UM coverage under the policy that was denied by Allstate. Subsequently, appellants brought this action seeking a declaration of the parties' rights and obligations under various policies of insurance, including the homeowner's policy at issue.
 {¶ 6} During the trial court proceedings, certain discovery disputes arose. Allstate failed to produce requested discovery by court-imposed deadlines. The trial court intervened in these matters and ordered Allstate to provide outstanding discovery responses by July 16, 2001.
 {¶ 7} While Allstate eventually provided its discovery responses, appellants claimed the responses were incomplete and filed a motion for discovery sanctions. Allstate filed an opposition brief indicating that the requests were substantially complied with and that the homeowner's policy at issue had been provided. After reviewing the matter, the trial court denied a motion to compel as moot and ruled that appellants' motion for discovery sanctions would be held in abeyance until the conclusion of the case.
 {¶ 8} Allstate also served discovery requests after the discovery deadline. Appellants filed two motions for a protective order that were unopposed and granted by the trial court, but no fees were awarded.
 {¶ 9} On September 7, 2001, the trial court granted Allstate leave to file a motion for summary judgment on the homeowner's policy. Thereafter, the court granted the motion for summary judgment finding no coverage under the policy. Although other claims remained to be adjudicated, the court indicated in its order that there was "no just cause for delay."
 {¶ 10} Appellants filed a timely appeal to this court raising three assignments of error.
 {¶ 11} "I. The trial court committed reversible error in granting appellee Allstate Insurance Company leave to file for summary judgment in light of Allstate's many discovery abuses and violation of and non-compliance with court orders."
 {¶ 12} Initially, the parties dispute whether the trial court's order granting Allstate leave to file its motion for summary judgment is a final appealable order. Since the order granting leave was ancillary to the motion for summary judgment and appellants would have no meaningful opportunity to appeal the order at the conclusion of all lower court proceedings, the order is a final appealable order that may be considered in this appeal. See R.C. 2505.02(B)(4).
 {¶ 13} Ohio Civ.R.56(A) states that a motion for summary judgment may only be made with leave of court if the action has been set for trial or pretrial. The decision to grant a motion for leave to file summary judgment is within the sound discretion of the trial court. Slack v.Cropper (2001), 143 Ohio App.3d 74, 83. As such, we will not reverse the trial court's decision granting Allstate's motion for leave unless we determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} Appellants argue the trial court abused its discretion in granting leave based on Allstate's discovery abuses. The record in this case reflects that at the time leave was granted, the trial court had addressed the discovery disputes which arose. Further, appellants had been provided with the homeowner's policy that was the subject of the dispositive motion. Under these circumstances, we find that the trial court did not abuse its discretion in granting the motion for leave to file a motion for summary judgment. Appellants' first assignment of error is overruled.
 {¶ 15} "II. The trial court committed reversible error in granting appellee Allstate Insurance Company's motion for summary judgment that no uninsured motorists coverage is provided under appellants' homeowner's insurance policy in accordance with O.R.C. 3937.18."
 {¶ 16} The trial court indicated in its order granting Allstate's motion for summary judgment that there was "no just reason for delay." Thus the order was a final appealable order from which an appeal could be taken even though other claims remained to be adjudicated. R.C. 54(B).
 {¶ 17} This court reviews the trial court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993), 67 Ohio St.3d 337 (citing Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64).
 {¶ 18} The issue in this case is whether the homeowner's policy is a motor vehicle liability insurance policy such that UM coverage would be required to be offered or provided by law. Appellants initially argued the homeowner's policy issued by Allstate is a motor vehicle policy because the policy provides coverage to a residence employee for bodily injury or property damage arising out of the ownership, maintenance or use of a motor vehicle. This argument was withdrawn at oral argument; nevertheless, a review of the issue is warranted.
 {¶ 19} The Ohio Supreme Court recently addressed this issue inHillyer v. State Farm Fire Casualty Co.(2002), 97 Ohio St.3d 411,2002-Ohio-6662, wherein the court held that "the limited liability coverage that may arise under the residence-employee exception in a homeowner's insurance policy is insufficient to transform the policy into a motor vehicle policy for purposes of former R.C. 3937.18(A)." As the court reasoned: "the policies at issue expressly exclude liability coverage for injuries arising from the use of motor vehicles. The residence-employee exception allows liability coverage when employee is injured in any manner while in the course of employment, whether or not a motor vehicle is involved. If coverage arises under this exception, it is because the residence employee was injured, not because a motor vehicle was involved. The use of a motor vehicle is merely incidental to coverage against liability to the residence employee. Therefore, we hold thatDavidson applies." Id.(citing Davidson v. Motorists Mut. Ins. Co.,91 Ohio St.3d 264).[1]
 {¶ 20} The policy in question specifically excludes coverage for injuries arising out of the use of a motor vehicle. While the policy affords a limited exception to this exclusion for "bodily injury to a residence employee," this exception provides only remote and incidental coverage. The coverage that is provided under the residence-employee exception does not arise because a motor vehicle was used, but rather because the residence employee was injured.
 {¶ 21} This court follows the Ohio Supreme Court's reasoning inHillyer, supra, and concludes the homeowner's policy in question does not qualify as a motor vehicle policy of insurance under the applicable version of R.C. 3937.18. Appellants' second assignment of error is overruled.[2]
 {¶ 22} "III. The trial court committed error in not awarding appellants a reimbursement of attorney's fees in connection with their successful July 31, 2001 and August 10, 2001 motions for protective order which were unopposed."
 {¶ 23} The record in this case reflects that the trial court granted appellants' motions for protective order to prevent Allstate from conducting discovery after the deadline without awarding fees or making a finding for the denial of fees as required by Civ.R.37(A)(4). Appellants have appealed the trial court's failure to award attorney's fees in connection with their motions.[3]
 {¶ 24} We must first consider whether the order from which appellant has appealed is a final, appealable order. This court only has jurisdiction to review an order if it is final and appealable. St.Rocco's Parish Fed. Credit Union v. Am. Online, Inc. (Jan. 30, 2003), No. 80795.
 {¶ 25} R.C. 2505.02, as amended July 22, 1998, states in relevant part:
 {¶ 26} "(A) As used in this section:
 {¶ 27} "* * *
 {¶ 28} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 {¶ 29} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 30} "* * *
 {¶ 31} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 32} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 33} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 34} We conclude that the trial court's order granting the motions for protective order without awarding attorney's fees is not a final, appealable order. Appellants are only appealing the trial court's failure to award discovery sanctions under Civ.R.37(A)(4). Sanction orders arising from discovery proceedings are generally not final and appealable. Williams v. Cordle (Feb. 8, 1996), Franklin App. No. 95APF08-978.
 {¶ 35} A proceeding for sanctions is ancillary to the actions before the trial court. In failing to award attorney's fees, the trial court's order determined the matter as to the discovery sanctions and prevented a judgment in favor of appellants for their attorney's fees. However, we find that appellants would be afforded an effective remedy by an appeal after final judgment. Accordingly, we hold that the trial court's order failing to impose sanctions under Civ.R.37(A)(4) is not a final, appealable order.
 {¶ 36} Appellants' third assignment of error is dismissed because the judge's ruling on the motions for protective order did not constitute a final, appealable order.
Judgment affirmed in part, and dismissed in part.
This cause is affirmed in part, and dismissed in part.
It is ordered that appellants and appellees share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., AND TIMOTHY E. McMONAGLE, J. concur.
[1] Davidson held that a policy that affords some incidental liability coverage for certain motor vehicles not subject to registration and not for use on public highways is not a motor vehicle liability policy for purposes of UM coverage. Id.
[2] At oral argument, appellants acknowledged that this assignment of error was resolved by the Hillyer decision.
[3] This court notes that a simple motion for reconsideration directed to the trial court outlining the requirements of the rule could have resolved this issue prior to appeal.