BURKHOLDER ET AL., APPELLANTS, *v.* GERMAN
MUTUAL INSURANCE COMPANY, APPELLEE.

[Cite as *Burkholder v. German Mut. Ins. Co.,*
99 Ohio St.3d 163, 2003-Ohio-2953.]

(No. 2002–0702—Submitted March 26, 2003—Decided June 25, 2003.)

{¶ 1} The judgment of the court of appeals is affirmed on the authority of *Hillyer v. State Farm Fire & Cas. Co.,* 97 Ohio St.3d 411, 2002-Ohio-6662, 780 N.E.2d 262.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

CARR and DEGENARO, JJ., concur in judgment only.

DONNA J. CARR, J., of the Ninth Appellate District, sitting for RESNICK, J.

MARY DEGENARO, J., of the Seventh Appellate District, sitting for COOK, J.

**DEGENARO, J., concurring in judgment only.**

{¶ 2} I must respectfully concur in judgment only because *Hillyer v. State Farm Fire & Cas. Co.,* 97 Ohio St.3d 411, 2002-Ohio-6662, 780 N.E.2d 262, is not controlling here. *Hillyer* addressed what constituted a motor vehicle policy

under a former version of the statute because the statute lacked a definition of the term, which has since been provided by the legislature. Significantly, the policy at issue here is subject to a later 1997 amended version of R.C. 3937.18, which defined "automobile liability or motor vehicle liability policy of insurance" for purposes of the uninsured and underinsured motorist coverage statute. Former R.C. 3937.18(L), 1997 Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2377.

{¶ 3} Pursuant to *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, the statutory law in effect on the date of issue of each new policy is the law to be applied. Thus, analysis of this policy turns on the question of whether the residence-employee exception in this particular policy comports with the legislature's definition of an automobile liability policy, rather than a judicial interpretation of an undefined statutory phrase. Accordingly, this case should be resolved by applying the 1997 amended version of R.C. 3937.18 rather than the analysis in *Hillyer*. Albeit by a different analysis, I would reach the same conclusion as the majority, that the residence-employee exception in this policy is insufficient to transform it into a motor vehicle insurance policy. Specifically, the policy in this case does not constitute proof of financial responsibility as required by R.C. 4509.01.[1]

{¶ 4} The 1997 version of R.C. 3937.18(L) defined "automobile liability or motor vehicle liability policy of insurance" as "[a]ny policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance." R.C. 4509.01(K) defines "[p]roof of financial responsibility" as "proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident."

{¶ 5} These are the statutory benchmarks by which it must be determined whether the instant policy must provide UM/UIM coverage. I conclude that it need not. I am persuaded by the rationale of the Tenth District Court of Appeals in *Gibbons–Barry v. Cincinnati Ins. Cos.*, 10th Dist. No. 01AP–1437, 2002-Ohio-4898, 2002 WL 31087264. In that case, the appellant argued that a

---

1. This conclusion was foreshadowed by the majority in *Hillyer* at ¶ 25. However, this was not central to the analysis. Rather, it appears to be an acknowledgement that the legislature had defined the term after the issuance of the policy in *Hillyer* but before the case had been resolved.

homeowner's policy can serve as "proof of financial responsibility" when the residence-employee exception provides certain limited liability coverage. The appellant also argued in *Gibbons–Barry* that the policy "specifically identified" the affected motor vehicles as those "owned or operated by or rented or loaned to an insured." Accordingly, the appellant concluded that the homeowner's policy was an "automobile liability or motor vehicle liability policy of insurance" as defined in R.C. 3937.18(L)(1).

{¶ 6} The Tenth District rejected that argument, concluding that the policy in that case could not serve as proof of financial responsibility, reasoning:

{¶ 7} "Here, the minimal coverage offered under the homeowner's policy does not rise to the level of 'proof of financial responsibility' because it is extended to only one person—appellant's 'residence employee.' Thus, the policy fails to provide any liability coverage if 'two or more persons' are injured or die in an accident, much less coverage for the two or more persons in the amount of $25,000. Further, the policy fails to provide any liability coverage for property damage from any motor vehicle accident, whether or not a 'residence employee' is involved.

{¶ 8} "Moreover, the homeowner's policy fails to fulfill the purpose for which 'proof of financial responsibility' is required in the first place. Instead of 'minimiz[ing] those situations in which persons are not compensated for injuries and damages sustained in motor vehicle accidents,' reliance on a homeowner's policy with a 'residence employee' exception as 'proof of financial responsibility' would only provide coverage to a select group of persons and little or no coverage for damages resulting from vehicular accidents. R.C. 4509.101(J). Therefore, the homeowner's policy cannot serve as 'proof of financial responsibility.'

{¶ 9} "Second, the homeowner's policy is not an 'automobile liability or motor vehicle liability policy of insurance' because neither the declarations page nor the policy itself 'specifically identifies' any motor vehicles. In order to be 'specifically identified,' the motor vehicles referred to in the policy 'must be precisely, particularly and individually identified.' *Burkholder* [*v. German Mut. Ins. Co.* (Mar. 15, 2002), Lucas App. No. L–01–1413], supra [2002 WL 398223], at ¶ 21. However, the policy at issue here identifies the [a]ffected motor vehicles only as those 'owned or operated by or rented or loaned to an insured.' As we recently held in our decision in *Dixon,* such a general description does not satisfy the requirement of R.C. 3937.18(L)(1) that the motor vehicles be 'specifically identified.' *Dixon* [*v. Professional Staff Mgt.,* 10th Dist. No. 01AP–1332, 2002-Ohio-4493], supra [2002 WL 2005689], at ¶ 33." *Gibbons–Barry* at ¶ 42–44.

{¶ 10} In the present case, appellants try to create a motor vehicle policy out of the residence-employee section of a farm owner's policy. For the very same reasons expounded upon by the Tenth District, appellants in this case are not

entitled to underinsured/uninsured motorist coverage by operation of law. Appellants' policy likewise limits coverage to liability for bodily injury to the residence employee and not to any other person who may be injured in an accident. Thus, the policy could not serve as proof of financial responsibility pursuant to R.C. 4509.01(K) and would not constitute a motor vehicle policy for the purposes of R.C. 3937.18(L).

{¶ 11} Although appellants in this case and in *Gibbons–Barry* argued at great length whether the vehicles involved were "specifically identified," that issue need not be reached, as the policy could not serve as proof of financial responsibility.

{¶ 12} Because the homeowner's policy is not an "automobile liability or motor vehicle liability policy of insurance" as defined in R.C. 3937.18(L), I would find that appellee was not required to offer uninsured or underinsured motorist coverage as part of the policy and that such coverage does not arise by operation of law. Therefore, appellant is not entitled to recover for damages due to her son's death under her farmowner's policy.

CARR, J., concurs in the foregoing concurring opinion.

---

Connelly, Jackson & Collier, L.L.P., Steven P. Collier and Anthony E. Turley, for appellants.

Bahret & Associates Co., L.P.A., Robert J. Bahret and Kevin A. Pituch, for appellee.

Boyk & Crossmock, L.L.C., and Steven L. Crossmock, urging reversal for amicus curiae Ohio Academy of Trial Lawyers.