OPINION
{¶ 1} Plaintiffs-appellants, Chad Reese and Alice Reese, appeal the decision of the Clermont County Court of Common Pleas granting summary judgment to defendant-appellee, Lumbermen's Mutual Insurance Company ("Lumbermen's").
 {¶ 2} On May 3, 1998, 16-year-old Chad Reese ("Reese") was a passenger on George Barbiere's motorcycle. Barbiere lost control and the motorcycle left the road. Reese was thrown from the motorcycle and he landed in a ditch, striking his head on a culvert. Reese was severely injured, suffering an anoxic brain injury as well as other less serious injuries. Reese was airlifted from the crash scene to University Hospital and was released after an extended stay.
 {¶ 3} Reese's injuries are permanent and debilitating. It is unlikely that he will ever walk again. Due to his physical and mental disabilities, Reese will require a guardian. Over $500,000 has been expended for his medical care to date, and his treatment is ongoing.
 {¶ 4} At the time of the motorcycle accident, Barbiere was covered by a $50,000 liability policy. Barbiere had no other insurance coverage for the accident. Barbiere tendered his policy limits to the Reeses.
 {¶ 5} Barbiere and Reese's mother, Alice Reese, were employed by Ethicon Endosurgery. Ethicon Endosurgery is a subsidiary of Johnson Johnson Corporation. At the time of the accident, Johnson 
Johnson was covered by a commercial automobile policy, through Lumbermen's, as well as a commercial general liability policy.
 {¶ 6} Appellants filed a complaint against Ethicon Endosurgery on May 2, 2000. Appellants sought to recover from Ethicon pursuant to the principals enunciated in Scott-Pontzer v. Liberty Mutual Fire InsuranceCo., 85 Ohio St.3d 660, 1999-Ohio-292. As a result, Lumbermen's was substituted for Ethicon Endosurgery as a defendant in the suit. Lumbermen's moved for summary judgment on November 14, 2001. The trial court granted summary judgment to Lumbermen's and appellants appeal the decision raising four assignments of error.
 Assignment of Error No. 1: {¶ 7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN THIS CASE IN FINDING THAT WOLFE V. WOLFE (2000), 88 OHIO St.3d 246 [2000-Ohio-322] DID NOT APPLY TO THE COMMERCIAL AUTOMOBILE POLICY."
 {¶ 8} An appellate court reviews a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336. De novo review means that this court "uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland Bd. Of Edn. (1997), 122 Ohio App.3d 378,383, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116,119-120. In other words, we review the trial court's decision without according it any deference. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 9} Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) rea sonable minds can come to but one conclusion, and that conclu sion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 10} Appellants argue that the trial court erred when it found that Wolfe did not apply to the instant case. Appellants argue that underWolfe, every automobile liability policy issued must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C.3937.30 to 3937.39. Furthermore, appellants maintain that the "Lumbermen's contract for the policy period in 1997 * * * was, in probability, vastly different than the policy * * * that the trial court chose to interpret * * *."
 {¶ 11} R.C. 3937.30 became effective on October 6, 1980 and has remained unchanged. The legislature defined the term "automobile insurance policy" in R.C. 3937.30 as follows:
 {¶ 12} "[a]s used in sections 3937.30 to 3937.39 of the Revised Code, `automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:
 {¶ 13} "(A) Provides automobile bodily injury or property damage liability, or related coverage, or any combination thereof;
 {¶ 14} "(B) Insures as named insured, any of the following:
 {¶ 15} "(1) Any one person;
 {¶ 16} "(2) A husband and wife resident in the same household;
 {¶ 17} "(3) Either a husband or a wife who reside[s] in the same household if an endorsement on the policy excludes the other spouse from coverage under the policy and the spouse excluded signs the endorsement."
 {¶ 18} There is no genuine issue as to any material fact. The named insured on the policy is a corporation, not a single person or a husband and wife. Therefore the commercial automobile policy does not meet the statutory definition of an "automobile insurance policy" as defined in R.C. 3937.30. Furthermore, no matter how vastly different the policy for the period in 1997 was, there is little probability that it names a single person or a husband and wife as the named insured rather than the corporation.
 {¶ 19} Consequently, there was no requirement for either party to produce evidence of the applicable two-year period required under Wolfe
for an automobile insurance policy since the policy at issue does not fall within the category of policies to which Wolfe applies. Reasonable minds can come to but one conclusion, and that conclusion is adverse to appellants. The moving party is entitled to judgment as a matter of law. Therefore, the first assignment of error is overruled.
 Assignment of Error No. 2: {¶ 20} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN APPLYING AN EXCLUSION TO THE COMMERCIAL AUTOMOBILE POLICY SO AS TO DENY COVERAGE TO THE REESES."
 {¶ 21} Appellants argue that the trial court erred when it imposed an exclusion or condition where UM/UIM coverage is imposed by law.
 {¶ 22} The Commercial Automobile policy states that coverage extends to an "insured" except to employees if the auto in question is owned by that employee or a member of his or her household. Therefore, the policy expressly excludes an employee driving a covered auto that is owned by the employee from qualifying as an insured under the policy.
 {¶ 23} Since the Commercial Automobile policy qualifies its definition of a covered auto by excluding an auto that is owned by the employee, Barbiere and appellants are not covered. See Edmundson v.Premier Indus. Corp., Cuyahoga App. No. 81132, 2002-Ohio-5573, at ¶ 27. Barbiere owned the motorcycle he and Reese were riding when the accident occurred, and therefore, Reese is not covered under the commercial automobile liability policy. Reasonable minds can come to but one conclusion, and that conclusion is adverse to appellants. The moving party is entitled to judgment as a matter of law. Accordingly, the second assignment of error is overruled.
 Assignment of Error No. 3: {¶ 24} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT THE COMMERCIAL GENERAL LIABILITY POLICY ISSUED BY LUMBERMEN'S TO JOHNSON JOHNSON DID NOT PROVIDE VEHICULAR COVERAGE AND WAS, THEREFORE, NOT REQUIRED TO PROVIDE UM/UIM COVERAGE."
 {¶ 25} Appellants argue when "a Commercial General Liability policy provides insurance covering various types of vehicles, * * * UM/UIM coverage arise[s] by operation of law."
 {¶ 26} Automobile liability or motor vehicle liability policies of insurance requiring mandatory offerings of underinsured and uninsured motorist coverage are governed by R.C. 3937.18. Under R.C. 3937.18, an "automobile liability or motor vehicle liability policy of insurance" is "any policy of insurance that serves as proof of financial responsibility * * * for motor vehicles specifically identified in the policy of insurance."
 {¶ 27} The Commercial General Liability policy agrees to cover the liability that Johnson Johnson may incur if mobile equipment that is not intended for use on public roads and is not subject to registration requirements or an auto that is not owned by Johnson 
Johnson, but is parked on its premises or "on the ways next to" the premises, is damaged.
 {¶ 28} Reese was injured while riding on Barbiere's personal motorcycle. Barbiere's personal motorcycle was not listed, scheduled or covered under the Lumbermen's Commercial General Liability policy. The Commercial General Liability policy coverage is for mobile equipment which would not be subject to motor vehicle registration. A motorcycle is subject to motor vehicle registration.
 {¶ 29} Since the Commercial General Liability policy does not serve as proof of financial responsibility for motor vehicles specifically identified in the policy, it is not a motor vehicle liability policy. See Burkholder v. German Mut. Ins. Co., 99 Ohio St.3d 163, 164,2003-Ohio-293, at ¶ 4. Therefore, the Commercial General Liability policy is not subject to R.C. 3937.18 and underinsured motorist coverage cannot be imposed as a matter of law. Consequently, appellants are not entitled to recover uninsured motorist coverage under the Commercial General Liability policy.
 {¶ 30} Furthermore, Section II of the policy states, "[e]mployees are insured for acts only within the scope of their employment." Barbiere was not within the scope of employment when he and Reese were riding on his motorcycle.
 {¶ 31} Reasonable minds can come to but one conclusion, and that conclusion is adverse to appellants. The moving party is entitled to judgment as a matter of law. Therefore, the third assignment of error is overruled.
 Assignment of Error No. 4: {¶ 32} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO RULE UPON THE MOTION TO COMPEL FILED BY THE REESES."
 {¶ 33} Appellants argue that the trial court granted the motion for summary judgment before full discovery occurred.
 {¶ 34} Civ.R. 56(F) provides as follows:
 {¶ 35} "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the parties' opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 36} Appellants submitted no Civ.R. 56(F) affidavit to establish that they needed a continuance in order to respond to Lumbermen's motion for summary judgment. In its motion for summary judgment, Lumbermen's demonstrated that there was no genuine issue of material fact, and that it was entitled to judgment as a matter of law. Pursuant to Civ.R. 56(F), the trial court was not required to give appellants additional time within which to respond to Lumbermen's motion for summary judgment in the absence of an affidavit from appellants establishing their need for additional time. See Gates Mills Investment Co. v. Pepper Pike
(1978), 59 Ohio App.2d 155, 168-169. Therefore, the fourth assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.